UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALDARAJI HASSAN,

Plaintiff,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-09415-DAD-AC (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE

(Doc. No. 2)

On November 16, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On November 18, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 19, 2026, respondent filed a combined response to both the petition and motion for temporary restraining order. (Doc. No. 7.) Therein, respondent argues that petitioner

is lawfully detained pursuant to 8 U.S.C. § 1231(a)(2) because he is subject to a removal order that became final on September 11, 2026. (*Id.* at 1–2.)

Based upon the parties' submissions, the court finds the following. On or about November 9, 1997, petitioner entered the United States as a refugee with permission to stay in this country. (Doc. No. 8-1 at 21.) On or about December 3, 2004, petitioner was granted lawful permanent resident status. (*Id.*) On or about September 6, 2026, petitioner was transferred from local law enforcement custody to ICE custody. (*Id.*) That same day, petitioner and a representative from the Department of Homeland Security ("DHS") signed a joint stipulation in which petitioner consented to his removal from the United States, wherein petitioner waived his right to appeal any order of removal issued by an immigration judge ("IJ"). (Doc. No. 8-1.) On September 11, 2026, an IJ ordered petitioner removed to Iraq pursuant to petitioner's stipulation with DHS. (Doc. No. 8-2 at 1.) The removal order further indicated that "both parties have waived appeal." (*Id.*)

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal." *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025). This 90-day removal period begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). A removal order becomes administratively final upon waiver of a right to appeal that order to the Board of Immigration Appeals. *Montalvan v. Crawford*, No. 06-cv-02800-PHX-SMM, 2007 WL 162684, at *2 (D. Ariz. Jan. 18, 2007) (finding that a removal order

was final immediately upon waiver of right to appeal); *see also Tek v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00126-RAJ, 2026 WL 791798, at *1–2 (W.D. Wash. Mar. 20, 2026) (same). "Detention during the [90-day] removal period is mandatory." *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003)). Here, petitioner's removal order became final on September 11, 2026, the date that it was entered and all appeals were deemed waived. Accordingly, petitioner is currently subject to mandatory detention and there is no basis upon which to conclude that his detention is unlawful at this time. *See Castellon Alvarez v. Raycraft*, No. 1:26-cv-01357, 2026 WL 1815283, at *2–3 (W.D. Mich. June 24, 2026) (concluding that a petitioner was subject to the mandatory detention period where an IJ entered an order of removal pursuant to a joint stipulation filed by the petitioner less than 90 days before the court ruled on the habeas petition).

For the reasons explained above,

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice;
2. The court's prior order prohibiting respondent from transferring petitioner out of the Eastern District of California or removing him from the United States is hereby DISSOLVED; and
3. The petition for writ of habeas corpus (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE